<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

MARIA PEREZ,                                     :
                                                 :
          Plaintiff,                             :          Civil Action No. 11-1837 (SRC)
                                                 :
          v.                                     :          **OPINION**
                                                 :
COMMISSIONER OF SOCIAL                           :
SECURITY,                                        :
                                                 :
          Defendant.                             :
_____:

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Maria Perez ("Plaintiff") of

the final decision of the Commissioner of Social Security ("Commissioner") determining that she

was not disabled under the Social Security Act (the "Act").  This Court exercises jurisdiction

pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral

argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

On August 20, 2007, Plaintiff filed a claim for disability insurance benefits, alleging

disability beginning January 31, 1987.  In brief, a hearing was held before Administrative Law

Judge Dennis O'Leary (the "ALJ"), who ruled against Plaintiff in a decision dated October 14,

2009.  The ALJ examined the limited question of whether Plaintiff was disabled during the

period which began on January 31, 1987 and ended on her date last insured of June 30, 1988.

Plaintiff appeals the decision on two grounds: 1) the ALJ erred by failing to call on a

medical expert to assist in the determination of the date of onset of Plaintiff's disability; and 2)

the ALJ applied the incorrect legal standard at step two.

As to the issue of the date of onset, Plaintiff cites SSR 83-20, which states:

*Precise Evidence Not Available -- Need for Inferences*

In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

Plaintiff's reliance on SSR 83-20 has two substantial problems.  First, there is no evidence in the record that suggests that Plaintiff was disabled prior to 2007, which might raise the question of the date of onset of disability.  Second, there is no reason to believe that records are unavailable for 1987.

Plaintiff relies on SSR 83-20 to support her argument that the ALJ erred by not consulting with a medical expert to determine the date of onset of her psoriasis.  Yet Plaintiff overlooks the significance of the first sentence of the paragraph quoted above, which sets forth a predicate which must be satisfied first: there must be medical evidence which supports the reasonable inference that the onset of a disabling impairment occurred some time prior to the date of the first recorded medical examination.  Plaintiff has not argued, much less persuaded, that this predicate has been met.

Furthermore, Plaintiff also overlooks the significance of the sentence which follows, which identifies the issue as how long the disease "existed at a disabling level of severity." Plaintiff has pointed to evidence that the disease existed in 1985 – but that is not sufficient to establish, as SSR 83-20 requires, that the disease existed at a disabling level of severity in 1985.

Plaintiff has confused the question of the date of onset of a disease with the question of the date of onset of a disability. Plaintiff's brief identifies only her psoriasis as a potentially disabling medical condition. In the absence of evidence that Plaintiff was disabled by psoriasis at the time of her earliest documented treatment in 1991, the question of an earlier date of onset has no relevance. Plaintiff has offered the evaluation of treating physician Dr. Francis dated 9/28/2007 that finds a number of physical limitations to Plaintiff's residual functional capacity due to her psoriasis and psoriatic arthritis (Tr. 249-251.) Indeed, as Plaintiff contends, Dr. Francis stated diagnoses of psoriasis and psoriatic arthritis, and then filled in the blank for "Approximate date of onset" with "20 years ago." (Tr. 249.) This is not, however, evidence that Plaintiff's psoriasis was at a disabling level of severity 20 years ago. Rather, it is evidence that Plaintiff's psoriasis began 20 years ago. The difference between the two is important. There is no evidence in the record that Plaintiff was disabled prior to 2007.

Moreover, Plaintiff's own statements contradict her assertion that she was unable to work in 1988: Plaintiff states that she testified before the ALJ that she had worked in 1988. (Pl.'s Br. 15.)

Plaintiff points to the records of treatment of her psoriasis from 1991 and 1992. (Tr. 181, 186.) The record also contains a tissue pathology report with a diagnosis of psoriasis dated 7/23/85. (Tr. 241.) The pathology report states that it was prepared for Dr. Beachler. (Tr. 241.) In 2007, Dr. Beachler completed an evaluation form which stated that he first treated Plaintiff on 1/17/91. (Tr. 186.) This evidence supports the inference that Plaintiff was not treated for her psoriasis during 1987 and 1988. It is worth noting that Plaintiff makes no statements to the contrary: she does not assert that she was treated for psoriasis in 1987 and 1988 and that those

3

records are unavailable.

Plaintiff points as well to the record of her visit to Dr. Francis on July 18, 2008, but the record does not suggest a disabling condition, as Dr. Francis wrote: "Plaintiff to be evaluated for psoriasis.  This has been a problem for the past several years.  It is located primarily back, over the abdominal region, upper extremities, and the legs.  The rash is itchy.  She denies any associated symptoms."  (Tr. 234.)

The evidence of record does not support Plaintiff's argument that SSR 83-20 required the ALJ to obtain the assistance of an expert.  The Third Circuit has addressed questions about the application of SSR 83-20 in regard to date of onset only in nonprecedential cases.  In Klangwald v. Comm'r of Soc. Sec., 269 Fed. Appx. 202, 205 (3d Cir. 2008), the Court stated: "[W]e have generally applied SSR 83-20, 1983 SSR LEXIS 25 only where medical evidence from the relevant period is unavailable."  The instant case is particularly similar to the nonprecedential case of TheLosen v. Comm'r of Soc. Sec., 384 Fed. Appx. 86, 91 (3d Cir. 2010).  In TheLosen, the Third Circuit stated:

> The District Court was also correct in rejecting TheLosen's claim that the ALJ failed to adequately develop the record as required by SSR 83-20, 1983 SSR LEXIS 25. TheLosen contends the ALJ was required to consult a medical advisor to assist him in reaching by inference earlier dates for the onsets of her disabilities.
>
> SSR 83-20, 1983 SSR LEXIS 25 describes the individual's allegation, work history, and medical evidence as the factors relevant to a determination of the onset date of a disability.  Medical evidence is the primary consideration in determining the disability onset date.  The claimant's alleged date or the date she last worked are significant only if consistent with the severity of the conditions shown by medical evidence.  A medical advisor should be called where the impairment at issue is slowly progressing and the alleged onset date is so far in the past that obtaining adequate medical records is impossible.

> In this case, the ALJ had access to the medical records from the 1990s and those records were reviewed by medical consultants who determined there was no support for earlier onset dates. After considering the medical evidence, the consultative reports, and the hearing testimony, the ALJ determined that the evidence did not support a finding, at step two of the sequential evaluation, that TheLosen had a severe impairment at a time that would qualify her to receive DIB or DAC benefits.
>
> In short, TheLosen contends the ALJ should have sought medical assistance so that by inference he could reach a conclusion that would be contrary to the medical evidence already before him. We find the District Court was correct in concluding that the ALJ properly considered the medical evidence before him and was not required to obtain additional assistance.

TheLosen is on all fours with the instant case.  In the instant case, the ALJ had access to medical records from 1985, 1988, and from 1991 onward.  Furthermore, the evidence shows that the same treating physician that saw Plaintiff in 1985 also saw her in the 1990s, and it is reasonable to assume that he could formulate an opinion as to her condition during the years in which the record contains no documentation of treatment for her psoriasis: 1985 through 1991.  The records were reviewed by a medical consultant, who determined that there was no evidence of any disability.  (Tr. 229.)  Based on the record before him, the ALJ correctly determined that no additional assistance was needed in regard to the question of the date of onset.

The Third Circuit's key statement on this issue in TheLosen is worth repeating: "A medical advisor should be called where the impairment at issue is slowly progressing and the alleged onset date is so far in the past that obtaining adequate medical records is impossible." Id.  As discussed, Plaintiff has presented no evidence that she was impaired prior to 2007, nor has she persuaded this Court that obtaining adequate medical records is impossible.  To the contrary, it appears likely that Plaintiff has documented her health very well from 1985 forward.  The record contains a record from 1985 as well as records from surgical removal of a cyst in

5

November of 1988 at Columbus Hospital.  (Tr. 162-174.)  The absence of records of psoriasis

treatment for 1987 and 1988 does not mean that obtaining adequate medical records is

impossible.  Rather, the record supports the inference that Plaintiff was not treated for her

psoriasis during 1987 and 1988.[1]  There is no need to obtain medical records for a time in which

Plaintiff was not treated.

> The ALJ's decision not to obtain the assistance of a medical advisor to determine the

onset date of Plaintiff's disability is supported by substantial evidence.

> Next, Plaintiff contends that the ALJ erred at step two by applying the incorrect legal

standard.  This appears to be true, but, on this record, it is harmless error.  The Third Circuit has

explained the analysis at step two as follows:

> The step-two inquiry is a *de minimis* screening device to dispose of groundless
> claims.  An impairment or combination of impairments can be found "not severe"
> only if the evidence establishes a slight abnormality or a combination of slight
> abnormalities which have no more than a minimal effect on an individual's ability
> to work.  Only those claimants with slight abnormalities that do not significantly
> limit any "basic work activity" can be denied benefits at step two.  If the evidence
> presented by the claimant presents more than a "slight abnormality," the step-two
> requirement of "severe" is met, and the sequential evaluation process should
> continue.  Reasonable doubts on severity are to be resolved in favor of the
> claimant.

Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citations omitted); accord

McCrea v. Commissioner, 370 F.3d 357, 360 (3d Cir. 2003) ("The burden placed on an applicant

at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to

be resolved in favor of the applicant.").

> Plaintiff is right that the ALJ failed to apply the *de minimis* standard at step two.  On this

---

[1] As noted above, this inference is supported by the fact that Plaintiff makes no claims of
having been treated for psoriasis in 1987 and 1988.

record, however, this appears to be harmless error which, pursuant to Federal Rule of Civil

Procedure 61, provides no basis for vacating the Commissioner's decision: "At every stage of the

proceeding, the court must disregard all errors and defects that do not affect any party's

substantial rights."  Had the record contained any evidence that Plaintiff was disabled in the

period at issue, this error might have been material.  In the absence of such evidence, the error

did not affect Plaintiff's substantial rights and does not provide a basis for reversal.

     The Commissioner's decision is supported by substantial evidence and is affirmed.


                __ s/ Stanley R. Chesler_____
                STANLEY R. CHESLER, U.S.D.J.

Dated: February 14, 2012